## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**BARBARA ARRINGTON,**

      Plaintiff,

v.                                   Civil Action No. 7:13-CV-154 (HL)

**WAL-MART STORES, INC. and WAL-MART STORES EAST, LP (DELAWARE) d/b/a WAL-MART**,

      Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion to Remand (Doc. 9). For the reasons discussed herein, the motion is granted, and this case is remanded to the Superior Court of Lowndes County.

## I.     BACKGROUND

On October 8, 2013, Plaintiff Barbara Arrington filed a complaint for damages against Defendants in the Superior Court of Lowndes County, Georgia. (Doc. 1-2 at 5). She alleges that she slipped, fell, and was injured at a Wal-Mart store in Valdosta, Georgia in 2012. (Id. at 6-7). Plaintiff sought $44,262.25 for medical bills arising from Defendants' alleged negligence, as well as general damages as a result of her past, present, and future pain and suffering, in an amount to be determined at the time of trial. (Doc. 1-2 at 9).

Defendants timely removed the case to federal court, alleging diversity jurisdiction. (Doc. 1). It is undisputed that the parties are of diverse citizenship. Plaintiff has now moved to remand the case, claiming that removal is improper because Defendants have not met their burden of showing that the amount in controversy exceeds $75,000.

## II.   REMOVAL STANDARD AND AMOUNT IN CONTROVERSY

A removing defendant bears the burden of proving that federal jurisdiction exists. *See* Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Removal statutes are to be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted). The court must focus on the amount that was in controversy on the date the case was removed from state court. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n. 13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal.*") (emphasis in original).

While Plaintiff requested a specific amount for her past medical bills ($44,262.55), she did not request a specific amount for past, present, and future general damages. "Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in

controversy exceeds the $75,000 jurisdictional requirement." <u>Leonard v. Enterprise Rent a Car</u>, 279 F.3d 967, 972 (11th Cir. 2002) (citing <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000)). If the amount in controversy is not obvious from the face of the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. <u>Williams</u>, 269 F.3d at 1319. A defendant may introduce affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard. <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 755 (11th Cir. 2010).

As the amount in controversy is not obvious from the face of Plaintiff's complaint, the Court will look to Defendants' Notice of Removal. Defendants point to the following as evidence that the amount in controversy exceeds the $75,000 threshold. First, Plaintiff alleged in her complaint that she "suffered serious and permanent personal injuries to her body" and that she "has suffered excruciating pain, she still suffers pain, and she will always thus suffer from her injuries." (Doc. 1 at 3). Second, Defendants point to Plaintiff's incurred medical expenses and the fact that she seeks general damages for pain and suffering. (<u>Id.</u>) Third, Defendants state that Plaintiff's counsel refused to stipulate that Plaintiff would not seek damages in excess of $75,000. (Doc. 1 at 4).

In the Motion to Remand, Plaintiff does not dispute any of Defendants' contentions in the Notice of Removal. Plaintiff notes that she seeks an unspecified amount of damages and argues that Defendants' removal of the case is based on nothing more than speculation and conjecture.

In their response to the Motion to Remand, Defendants point to the same evidence initially noted in the Notice of Removal, namely that Plaintiff refused to sign the damages stipulation, that Plaintiff has incurred approximately $44,000 in medical expenses, and that Plaintiff claims to have suffered serious and permanent injuries. Defendants also refer to Plaintiff's initial disclosures in which she states that her special damages are continuing and will be updated.

Defendants also rely on a 2001 Lowndes County case where the plaintiff was awarded $225,000 to support its contention that the amount in controversy exceeds the jurisdictional minimum. But Defendants are trying to make an apples to oranges comparison by using this case. Plaintiff contends that she slipped on an object or a substance on the floor of a Wal-Mart and fell, resulting in injuries.[1] In the 2001 case, the plaintiff was involved in a car collision at an intersection. She claimed a fractured sternum, right leg neuralgia, and a torn medial meniscus in her right knee which required arthroscopic surgery. The factual situations presented are completely different, and there is not sufficient information in

---

[1] Plaintiff does not specify in the complaint, Motion to Remand, or her initial disclosures what part(s) of her body she injured.

Plaintiff's pleadings for the Court to compare the injuries. To make any comparison between Plaintiff's claims and the Lowndes County case for purposes of determining the amount in controversy would be to engage in impermissible speculation, which the Court will not do.

The Court finds that Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. The only specific damages described in the record are Plaintiff's medical expenses, which fall well below the jurisdictional amount. Further, the evidence in the record provides an insufficient basis to attempt to calculate any future monetary losses, and the Court will not speculate about future medical costs. In addition, the fact Plaintiff would not stipulate to the amount in controversy, by itself, is inadequate to prove the amount in controversy, as "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." Williams, 269 F.3d at 1320. Defendants have not provided sufficient evidence separate and apart from the failure to stipulate to establish that Plaintiff's damages exceed the jurisdictional limit.

## III.   CONCLUSION

Plaintiff's Motion to Remand (Doc. 9) is granted. This case is remanded to the Superior Court of Lowndes County.

**SO ORDERED**, this the 20th day of February, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh